UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------- X
In re:

|  |  |
|---|---|
| ELEMCO TESTING COMPANY, INC., | Chapter 11 |
| ELEMCO ELECTRICAL CONSTRUCTION CO., INC., and | Case No.  08-76561-ast |
| ELEMCO INDUSTRIES, INC. | 08-76562-ast |
|  | 08-76563-ast |
|  | (Jointly Administered) |

                               Debtors.
 ------------------------------------------------------------------- X


## DECISION AND ORDER REGARDING MOTION FOR AUTHORIZATION
## TO DRAW ON LETTER OF CREDIT

### Issues Before the Court

Pending before the Court is the Motion filed on July 1, 2010, by the Electrical Industry

Board of Nassau and Suffolk Counties ("EIB"), seeking an Order certifying that the Debtors have

failed to satisfactorily remit funds that are due to EIB, and authorizing EIB to draw on a letter of

credit issued by Suffolk County National Bank ("SCNB") in favor of EIB and Local 25 of the

International Brotherhood of Electrical Workers ("Local 25") (the "Motion"). [dkt item 299]  The

Motion is supported by the Affidavit of John W. Gilday (the "Gilday Affidavit"). [dkt item 300]

The Motion represents that it was served, *inter alia*, on Debtors and SCNB.  The Motion was

scheduled for hearing on August 4, 2010 (the "Hearing").

On July 6, 2010, Debtors filed opposition to the Motion. [dkt item 301]  On August 3,

2010, EIB filed an untimely reply to Debtors' opposition.[1] [dkt item 308]  SCNB did not respond

to the Motion within the deadline established by this Court's local rules, nor prior to August 4,

2010.[2]

---

[1] E.D.N.Y. LBR 9006-1(a)(iii) requires that reply papers be served and filed not later than 3 days before the hearing date.
[2] E.D.N.Y. LBR 9006-1(a)(ii) requires that answering papers be served so as to be received not later than 7 days before the hearing date.

The Hearing was held as scheduled.  At the Hearing, EIB argued that it was the beneficiary of an irrevocable letter of credit issued by SCNB (the "LC"), that Debtors had failed to satisfactorily remit funds that were due to EIB, and that, as such, the events triggering EIB's right to draw against the LC had occurred.  Debtors conceded that they had failed to make the required payments and that the events triggering EIB's right to draw against the LC had occurred.  Debtors also conceded that the estates did not have an interest in the outcome of the LC dispute, because, if the Motion were granted, it would result in SCNB having liability to EIB.  Rather, Debtors asserted at the Hearing and in their response, "that the relief requested by the EIB in the Motion is improper since the Letter of Credit referred to in the Motion has been terminated."  [dkt item  301]

Debtors also asserted that termination was proper under this Court's cash collateral order entered July 2, 2009 [dkt item 159] (the "Cash Collateral Order"), which provided, *inter alia*, as follows:

> 2. From and after the Petition Date through the Termination Date (as defined in the DIP Loan Agreement), and subject to the terms and conditions of this Order and the DIP Loan Agreement, the Debtors are authorized to borrow, up to $200,000 pursuant to the terms and provisions of this Order, as follows:
>
> * * *
>
> (c) a $50,000 irrevocable Letter of Credit for the benefit of Local 25 IBEW, AFL-CIO ("Local 25") and the Electrical Industry Board of Nassau and Suffolk County ("EIB") in consideration of the Debtors' bonding obligations under the Collective Bargaining Agreement **to be terminated upon either** (i) a sale of the Debtors' assets pursuant to §363 of the Bankruptcy Code; (ii) the Debtors obtaining a union bond as specified in the Collective Bargaining Agreement, or (iii) December 31, 2009 (the "Union Letter of Credit"). Should the Debtors fail to cure a 72 hour notice issued by Local 25, Local 25 or EIB may then make an application to the Bankruptcy Court for an expedited hearing for a determination of a claim on the Union Letter of Credit. The original of the Union Letter of Credit shall be delivered to counsel for EIB in this proceeding within two business days after it is issued;

(emphasis supplied) [dkt item 159]

Debtors correctly note that on May 13, 2010, this Court entered an Order authorizing Debtors to close a sale of substantially all of its assets free and clean of liens, claims, and encumbrances

pursuant to Section 363 of the Bankruptcy Code [dkt item 268](the "Sale Order").  They assert that the Sale Order caused the termination of the LC.  However, no evidence of an actual written termination of the LC was provided to the Court prior to or at the Hearing.

At the conclusion of the Hearing, the Court took the Motion under advisement.

After the Hearing, SCNB filed a letter opposing the Motion [dkt item 313], to which EIB objected as untimely. [dkt item 314]

## Analysis

Notice of the Motion and Hearing thereon was proper pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2). No party alleged that proper notice of the Motion and Hearing had not been given.

EIB and SCNB both have filed untimely[3] papers, all of which will be disregarded as in violation of E.D.N.Y. LBR 9006-1.

Further, although this Court has jurisdiction over the Motion, the parties did not address the nature of this Court's jurisdiction.  The Motion establishes a dispute between the non-debtor EIB and the non-debtor SCNB over which this Court may not have core jurisdiction under 28 U.S.C. §§ 157(b) and 1334.  However, Debtors have not asserted that EIB drawing against the LC would create a claim against Debtors or otherwise impact the administration of the estates.

The evidence is undisputed that SCNB issued the LC dated September 2, 2009, and that, by its express terms, in order to be drawn against by EIB, a final Order of this Court must be issued determining that Debtor "Elemco Testing Company Inc. has failed to satisfactorily remit funds due."  EIB argues that, while SCNB could have provided a termination event on the face of the LC prior to its stated expiry of September 4, 2010, SCNB varied from this Court's Cash

---

[3] Assuming *arguendo*, that EIB's reply and SCNB's letter opposing the Motion were timely filed, the Court's analysis and determination would remain unchanged.

3

Collateral Order by omitting the termination events that were authorized by the Cash Collateral Order.

While no competent evidence was presented that the LC was terminated, this Court need not and does not reach the issue of whether the LC was or could have been terminated prior to its stated expiry.

No party has argued why an Order from this Court authorizing a draw against the LC is necessary. The LC simply requires an Order which finds that Debtor "Elemco Testing Company Inc. has failed to satisfactorily remit funds due." Because this fact is well supported by the Gilday Affidavit, and has not been controverted, the Court will make such a finding. However, the remaining issues of whether the LC has been terminated and if so, whether it has been properly terminated, and the respective rights and remedies of EIB and SCNB otherwise related to the LC, are matters better reserved for a court of competent jurisdiction.

Based upon the foregoing, it is hereby

**ORDERED,** that this Court finds that Debtor Elemco Testing Company Inc. has failed to satisfactorily remit funds due to EIB; and it is further

**ORDERED,** that this Court does not reach the issues regarding whether the LC has been terminated and if so, whether it has been properly terminated, and the rights and remedies of  EIB and SCNB otherwise related to the LC, and reserves such matters for a court of competent of jurisdiction to subsequently determine.

**Dated: August 10, 2010**
**Central Islip, New York**

4

_____
**Alan S. Trust**
**United States Bankruptcy Judge**